■ DUDLEY C. BARROW, Respondent-Appellant, v LAWRENCE UNITED CORPORATION et al., Appellants-Respondents.—Levine, J. Cross appeals from an order of the Supreme Court (Prior, Jr., J.), entered January 17, 1989 in Rensselaer County, which, *inter alia,* partially granted plaintiff's motion for partial summary judgment.

On a prior appeal in the instant action, this court reversed an order granting plaintiff summary judgment for some $267,000, which had been based on Supreme Court's reading of the purchase price adjustment clause of the business assets acquisition contract between defendant Lawrence United Corporation (hereinafter LUC) and plaintiff's assignor, Geer-Stillman Associates, Ltd. (hereinafter GSA), to include, as 1985 net commissions, commissions received on new business as well as renewal commissions (146 AD2d 15). We found the agreement to be sufficiently ambiguous so as to require resort to extrinsic evidence to ascertain the parties' intent with regard to calculation of the final purchase price on the basis of commissions on new business *(supra,* at 21). Plaintiff's motion for reargument was denied by this court.

While the prior appeal was still pending, Supreme Court, under its interpretation of the contract, granted plaintiff additional partial summary judgment for about $14,000 on a related issue left unresolved by its initial decision, namely, whether certain commissions received in 1985 were generated by GSA's former employees or by LUC's personnel transferred to the acquired firm. Of the three employees involved, the court determined that one clearly was associated with GSA before the acquisition, and the commissions he earned were credited to plaintiff under the adjustment clause. Supreme Court found open factual questions as to the other two agents, and its order directed LUC's president to submit an affidavit disclosing the history of their employment relationship with LUC and the facts and circumstances of their transfer to GSA. These appeals ensued.

As to that portion of the order appealed from granting plaintiff partial summary judgment, the parties agree that this court's prior decision requires reversal, since Supreme Court's ruling was again based on its construction of the agreement held by us to be erroneous on the previous appeal. We find no reason to disturb the order's mandate for disclosure of the facts and circumstances of the two employees' relationship with LUC and of their transfer to GSA, however. That portion of the order amounts to nothing more than a direction to provide pretrial discovery, which is not appealable as of right (see, Matter of Beeman, 108 AD2d 1010, 1011). Even were we to grant permission to appeal sua sponte, the subject matter of the disclosure ordered has some relevance to plaintiff's claim and, thus, is well within the proper scope of discovery (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407). Hence, it cannot be said that Supreme Court abused its discretion in directing this form of disclosure.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff partial summary judgment; motion denied; and, as so modified, affirmed. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.