■ MICHAEL F. CILONE et al., Plaintiffs, v WILLSON SAFETY PRODUCTS, INC., et al., Defendants, E. I. DU PONT DE NEMOURS AND CO., Respondent, and OATEY CO., Third-Party Plaintiff-Respondent. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Appellant. [644 NYS2d 562] —In an action, inter alia, to recover damages for personal injuries, etc., the third-party defendant, New York City Transit Authority, appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated May 30, 1995, which granted the motion of the defendant E. I. du Pont de Nemours and Co. and the separate motion of the defendant third-party plaintiff, Oatey Co., to compel disclosure.

Ordered that the order is affirmed, with costs to the defendant-respondent.

The Supreme Court did not improvidently exercise its discretion in compelling the New York City Transit Authority to provide the disclosure demanded by the defendant-respondent, E. I. du Pont de Nemours and Co., and the defendant third-party plaintiff-respondent, Oatey Co. CPLR 3101 (a) provides that there shall be full disclosure of all matter "material and necessary" in the prosecution or defense of an action. The disclosure provisions of the CPLR are to be liberally construed

with the test being one of usefulness and reason (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407; *see also, Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 461; *Lopez v Huntington Autohaus,* 150 AD2d 351, 352).

Here, the requested disclosure has relevance to the issues of the extent of the New York City Transit Authority's knowledge of the dangers in using certain spray paints, its knowledge as to the proper methods of using those paints, and whether it failed to use that knowledge to provide the plaintiff with a safe work environment. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.