■ In the Matter of COWEN & COMPANY et al., Respondents-Appellants, v TECNOCONSULT HOLDINGS LIMITED et al., Appellants-Respondents. [650 NYS2d 222] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 21, 1996, which granted petitioners' application to disqualify the attorneys for respondents Tecnoconsult Holdings Limited and IFG Properties, N.V. (collectively, "Tecnoconsult") in the underlying arbitration proceeding to the extent of disqualifying respondent Pritchard but not the law firm of which he is a

member, unanimously modified, on the law, to deny disqualification of Pritchard, and otherwise affirmed, without costs.

Disqualification is not warranted under Code of Professional Responsibility DR 5-102 (A) (22 NYCRR 1200.21 [a]), because Tecnoconsult does not intend to call Pritchard to testify on its behalf, and also because four other witnesses are available to testify as to the content of the conversation Pritchard allegedly overheard, making his testimony cumulative, and therefore not "necessary" to, Tecnoconsult's claim (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446). Nor is disqualification warranted under DR 5-102 (B) (22 NYCRR 1200.21 [b]) on the ground that petitioners may choose to call Pritchard as a witness at the arbitration, there being no reason to suppose that Pritchard would retreat from his sworn statement that he has no recollection of the alleged conversation, and therefore no basis for finding that his testimony may be prejudicial to Tecnoconsult (*see, supra*, at 446; *Transcontinental Constr. Servs. v McDonough, Marcus, Cohn & Tretter*, 216 AD2d 19). Since neither DR 5-102 (A) nor (B) (22 NYCRR 1200.21 [a], [b]) requires disqualification of Pritchard, there is no basis for disqualifying his firm. We have considered petitioners' other arguments and find them to be without merit. Concur—Rosenberger, J. P., Ross, Williams, Mazzarelli and Andrias, JJ.