■ Daniel Gale Associates, Inc., Respondent, v David George et al., Appellants. [779 NYS2d 573]—

In an action, inter alia, to recover a real estate broker's commission, the defendants appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated July 8, 2003, which granted the plaintiff's motion to disqualify Leslie Levine and the law firm of Ackerman, Levine, Cullen & Brickman, LLP, from representing them and granted their cross motion to compel discovery to the extent of directing the plaintiff to provide the documents requested in items four and six of the defendants' December 4, 2002, notice for discovery and inspection, only for the period of September 1, 2000, through September 30, 2002.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the cross motion is granted to the extent of directing the plaintiff to provide the documents requested in items four and six of the defendants' December 4, 2002, notice

for discovery and inspection, for the period of April 1, 1998, through March 31, 2000.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to disqualify the defendants' attorney, Leslie Levine, and the law firm of Ackerman, Levine, Cullen & Brickman, LLP, pursuant to Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21). The plaintiff failed to show that Levine's testimony was necessary to its case (*see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 69 NY2d 437, 446 [1987]; *Ansonia Assoc. Ltd. Partnership v Public Serv. Mut. Ins. Co.*, 277 AD2d 98, 99 [2000]; *Matter of Cowen & Co. v Tecnoconsult Holdings*, 234 AD2d 86 [1996]), or that, if called as a witness, his testimony would be prejudicial to his client (*see* Code of Professional Responsibility DR 5-102 [d] [22 NYCRR 1200.21 (d)]; *Ansonia Assoc. Ltd. Partnership v Public Serv. Mut. Ins. Co., supra*; *Matter of Cowen & Co. v Tecnoconsult Holdings, supra*).

In addition, the Supreme Court erred in granting the defendants' cross motion to compel discovery by directing the plaintiff to produce documents responsive to items four and six of the defendants' December 4, 2002, notice for discovery and inspection, for the period September 2, 2000, through September 30, 2002. We agree that the defendants are entitled to documents responsive to those items, because the defendants demonstrated that they are material and necessary to establish their affirmative defenses (*see* CPLR 3101; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *Cilone v Willson Safety Prods.*, 229 AD2d 372, 373 [1996]; *Barrow v Lawrence United Corp.*, 155 AD2d 806, 807 [1989]). However, the relevant documents would be those generated before the plaintiff's alleged misrepresentation in March 2000. Further, rather than direct the plaintiff to produce responsive documents for the period January 1, 1997, through March 2000, as the defendants request, the period April 1, 1998, through March 31, 2000, is more appropriate under the circumstances of this case.

Finally, the defendants contend that the Supreme Court failed to address their request that a sanction be imposed upon the plaintiff, and that they be awarded an attorney's fee. However, the defendants failed to affirmatively move for that relief in the Supreme Court (*see* 22 NYCRR 130-1.1 [d]), and we decline to entertain that request at this juncture. H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.