In the Matter of CAMILLE ROSSI, Respondent, v LEONARD N. SPANO, Respondent, and ROBERT ROSSI, Appellant. [790 NYS2d 472]—

In a proceeding pursuant to CPLR 5239, inter alia, to determine the rights of Camille Rossi and Robert Rossi to money held by the Westchester County Clerk or Commissioner of Finance, Robert Rossi appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Tolbert, J.), dated July 18, 2003, which, inter alia, granted that branch of his motion which was for discovery of certain documents only to the extent of directing the petitioner to produce documents for the period of time from April 14, 1992, through December 13, 1995.

Ordered that the order is modified by deleting therefrom the date "April 14, 1992," and substituting therefor the date "January 10, 1991"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in limiting discovery by directing the petitioner to produce books and records pertaining to certain real property only for the period of time from April 14, 1992, through December 13, 1995. The relevant documents regarding the property would be those generated from January 10, 1991, when the court first ordered the petitioner to place income from the property in an escrow account, through December 13, 1995, when the court appointed a receiver to arrange the sale of the property. The appellant demonstrated that the documents generated during this time frame are material and necessary to establish his right to the money at issue (*see* CPLR 3101; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *Cilone v Willson Safety Prods.*, 229 AD2d 372, 373 [1996]; *Barrow v Lawrence United Corp.*, 155 AD2d 806, 807 [1989]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.