■■■ DANIEL SNYDER, Appellant, v DAWN SNYDER, Respondent. [870 NYS2d 192]—

Memorandum: Supreme Court properly denied plaintiff's motion seeking, inter alia, to disqualify the law firm of Hogan Willig from representing defendant after plaintiff's former attorney, Nelson F. Zakia, merged his practice with that law firm. A party seeking to disqualify an opponent's attorney must establish "that there was a prior attorney-client relationship; that the matters involved in both representations are substantially related; and that the present interests of the attorney's past and present clients are materially adverse" (*Falk v Chittenden*, 11 NY3d 73, 78 [2008]; *see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996], *rearg denied* 89 NY2d 917 [1996]). Defendant does not dispute that plaintiff has established the existence of all three requirements but contends that plaintiff consented to the conflict of interest. We agree. Pursuant to Code of Professional Responsibility DR 5-108 (a) (22 NYCRR 1200.27 [a]), a client may provide consent to a conflict of interest after full disclosure (*see St. Barnabas Hosp. v New York City Health & Hosps. Corp.*, 7 AD3d 83, 90-91 [2004]; *see also Yasuda Trust & Banking Co. [N.Y. Branch] v 250 Church Assoc.*, 206 AD2d 259 [1994]). In support of his motion, plaintiff admitted that he discussed the possibility of waiving the conflict of interest with Thomas D'Agostino, Esq., the attorney he retained after discharging Zakia. In opposition to the motion, Zakia averred that D'Agostino had advised him that plaintiff had consented to the merger of Zakia's practice with Hogan Willig and agreed to waive any conflict of interest resulting from that merger. Contrary to plaintiff's contention, D'Agostino had the apparent

authority to inform Zakia and Hogan Willig of plaintiff's consent and waiver (*see generally Hallock v State of New York*, 64 NY2d 224, 231 [1984]; *Vafakos v Knight*, 41 AD3d 140 [2007]). Contrary to the further contention of plaintiff, his consent was made after full disclosure by Zakia and Hogan Willig, at which time he "had all the information [he] needed to make an informed decision" (*St. Barnabas Hosp.*, 7 AD3d at 94). We thus conclude that defendant established as a matter of law that plaintiff is not entitled to disqualify the law firm hired by defendant to represent her (*cf. Falk*, 11 NY3d at 77-78). Present—Scudder, P.J., Smith, Centra and Fahey, JJ.