■ GROVICK PROPERTIES, LLC, Appellant, v 83-10 ASTORIA BOULEVARD, LLC, et al., Respondents, et al., Defendant. [990 NYS2d 601]—

In an action, inter alia, to recover damages for the costs incurred in removing petroleum contamination and restoring the subject property to levels satisfactory to the New York State Department of Environmental Conservation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated February 27, 2012, which granted the mo-

tion of the defendants 83-10 Astoria Boulevard, LLC, Jane Perlow, individually and as trustee of the Sidney Esikoff Grat #1, Grace Havasy, individually and as trustee of the Sidney Esikoff Grat #1, and Marion Sternberg, individually and as trustee of the Sidney Esikoff Grat #1, to disqualify attorney Jon Schuyler Brooks and the law firm of Phillips Nizer, LLP, as counsel for the plaintiff.

Ordered that the order is reversed, on the law, with costs, and the respondents' motion to disqualify attorney Jon Schuyler Brooks and the law firm of Phillips Nizer, LLP, as counsel for the plaintiff is denied.

In April 2004, the plaintiff, Grovick Properties. LLC (hereinafter Grovick), purchased the subject commercial property located at 83-10 Astoria Boulevard, in East Elmhurst (hereinafter the property), from the defendant 83-10 Astoria Boulevard, LLC (hereinafter Astoria). The law firm of Ruskin Moscou Faltischek, P.C. (hereinafter RMF), to which attorney Jon Schuyler Brooks was of counsel, represented Grovick on the purchase of the property. The property had been previously contaminated by petroleum. At the time of the closing, the plaintiff and Astoria learned that the State of New York "desired to place an environmental lien" upon the property resulting from the costs of remedial efforts in abating the discharge of petroleum. Apparently, if the parties closed title prior to the lien being filed, the State threatened to seek reimbursement from the plaintiff of those costs. In an effort to timely close title, Astoria and the plaintiff entered into an escrow agreement, whereby Astoria placed $500,000 of the purchase price in escrow, in effect, to protect the plaintiff against any action by the State.

Thereafter, Astoria and the defendants Jane Perlow, Grace Havasy, and Marion Sternberg, all individually and as trustees of the Sidney Esikoff Grat #1 (hereinafter collectively with Astoria, the Astoria defendants), retained Brooks and RMF to represent them in connection with certain claims made by the State for reimbursement of the cleanup and removal costs. The Astoria defendants signed a retainer agreement and a waiver. The waiver stated, in relevant part:

"Astoria now desires to engage this firm to represent it against potential claims made by the State arising from or relating to the discharge of petroleum at or from the [property]. Prior to accepting this engagement, we informed you that we continue to represent GROVICK with regard to the now-closed transaction between Astoria and GROVICK, as well as other matters. Notwithstanding this information, and the potential conflict contained therein, you requested and instructed this

firm to proceed in its representation of Astoria and each of its members for the purposes stated in the letter of engagement.

"In connection therewith, Astoria and each of its Members hereby waive any and all claims of conflict of interest or potential conflict of interest that may arise out of the [sic] our representation of Astoria on the one hand, and any work we have performed, now perform, or may perform for GROVICK or its principals (including Jeffrey Novick). Furthermore, in the event Astoria at any time for any reason elects to discontinue its engagement of this firm, or should an adverse relationship arise between ASTORIA and GROVICK, you acknowledge and agree that we may continue without restriction to represent GROVICK and its principals in any and all matters, including those that arise from or relate to the [property]."

In 2009, the State commenced a cost-recovery action against the Astoria defendants seeking approximately $657,000 in clean-up costs. Brooks continued to represent the Astoria defendants in the claims by the State. In January, 2010, the Astoria defendants terminated Brooks's representation.

On or about February 17, 2010, Brooks, as counsel for the plaintiff, sought the release of the escrow funds. The Astoria defendants and the State objected to such release.

On or about September 14, 2010, the plaintiff, represented by Brooks, commenced this action to recover its costs in the amount of $534,292 for removing the petroleum contamination. In a letter dated June 2, 2011, the Astoria defendants demanded that Brooks withdraw as counsel for the plaintiff. Thereafter, in November 2011, the Astoria defendants moved to disqualify Brooks and the law firm of Phillip Nizer, LLP, where Brooks is now a partner, as counsel for the plaintiff. The Supreme Court granted that motion. We reverse.

" '[T]he disqualification of an attorney is a matter which rests within the sound discretion of the court. A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion' " (*Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 962 [2012], quoting *Campolongo v Campolongo*, 2 AD3d 476, 476 [2003]). Here, the Supreme Court improvidently exercised its discretion in granting the motion to disqualify Brooks and Phillip Nizer, LLP, as counsel for the plaintiff. Pursuant to the written waiver, the Astoria defendants specifically waived any conflict of interest that might arise from Brooks's representation of the plaintiff. The waiver fully informed the Astoria defendants of the potential conflict of

interest and, by executing the waiver, the Astoria defendants consented to have Brooks represent them notwithstanding that conflict (*see St. Barnabas Hosp. v New York City Health & Hosps. Corp.*, 7 AD3d 83, 90-91 [2004]). Under the facts of this case, the Astoria defendants should not be permitted to compel the disqualification of Brooks and Phillips Nizer, LLP, simply because the representation to which they consented now involves litigation (*see Centennial Ins. Co. v Apple Bldrs. & Renovators, Inc.*, 60 AD3d 506 [2009]). Rivera, J.P., Leventhal, Austin and Roman, JJ., concur.