Levy v 42 Dune Rd., LLC (2018 NY Slip Op 03970)





Levy v 42 Dune Rd., LLC


2018 NY Slip Op 03970


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-00522
 (Index No. 602589/15)

[*1]Yair Levy, et al., appellants, 
v
42 Dune Road, LLC, et al., respondents, et al., defendants.


Gleich, Siegel & Farkas, LLP, Great Neck, NY (Jonathan H. Freiberger of counsel), for appellants.
David Lee Heller, Sag Harbor, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated December 16, 2015. The order, insofar as appealed from, granted the cross motion of the defendants 42 Dune Road, LLC, Robin Eshaghpour, and Bayberry Dunes, LLC, to disqualify the plaintiffs' counsel.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the cross motion of the defendants 42 Dune Road, LLC, Robin Eshaghpour, and Bayberry Dunes, LLC, to disqualify the plaintiffs' counsel is denied.
The plaintiffs were the owners of property located at 41 and 42 Dune Road in Southampton (hereinafter the subject premises). In 2012, Bank of America, N.A. (hereinafter Bank of America), commenced an action to foreclose the plaintiffs' mortgage (hereinafter the Bank of America action), and the law firm of Gleich, Siegel & Farkas (hereinafter GSF) defended the plaintiffs in that action. In October 2013, the defendant Robin Eshaghpour, and his two companies, the defendants Bayberry Dunes, LLC, and 42 Dune Road, LLC (hereinafter collectively the defendants), purchased the subject premises from the plaintiffs while the Bank of America action was pending. The defendants executed a note in the sum of $100,000, in favor of the plaintiffs, which was secured by a mortgage on the subject premises. At the closing, the defendants determined that it would be in their best interest to be represented by GSF in the Bank of America action, and executed an indemnity agreement, which stated that the plaintiffs and the defendants "waive any conflict of interest caused by such retention." The defendants also signed a retainer letter with GSF, which included the same waiver provision. In both the indemnity agreement and the retainer letter, the defendants also agreed that GSF may represent the plaintiffs in any action they may commence against the defendants. The defendants were represented by independent counsel when they signed these documents.
The defendants allegedly defaulted in paying the $100,000 they owed to the plaintiffs, and the plaintiffs, represented by GSF, commenced this foreclosure action against the defendants. Thereafter, the plaintiffs moved, inter alia, for summary judgment on the complaint against the [*2]defendants. Subsequently, the defendants cross-moved to disqualify GSF as the plaintiffs' counsel. In an order dated December 16, 2015, the Supreme Court, inter alia, granted the defendants' cross motion to disqualify the plaintiffs' counsel. The plaintiffs appeal from so much of the order as granted the defendants' cross motion.
" [T]he disqualification of an attorney is a matter which rests within the sound discretion of the court. A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion'" (Matter of Aaron W. v Shannon W., 96 AD3d 960, 962, quoting Campolongo v Campolongo, 2 AD3d 476, 476). The defendants in this case executed an indemnity agreement and a retainer letter, both of which waived any conflict of interest that might arise from GSF's representation of the plaintiffs. The defendants also agreed in both the indemnity agreement and the retainer letter to allow GSF to represent the plaintiffs in any action commenced by the plaintiffs against the defendants, notwithstanding that potential conflict (see Lanza v Carbone, 130 AD3d 689, 694; Grovick Props., LLC v 83-10 Astoria Blvd., LLC, 120 AD3d 471, 472; Snyder v Snyder, 57 AD3d 1528, 1528-1529; St. Barnabas Hosp. v New York City Health & Hosps. Corp., 7 AD3d 83, 90-91). Under the facts of this case, the defendants should not be permitted to compel the disqualification of GSF where they consented to representation (see Grovick Props., LLC v 83-10 Astoria Blvd., LLC, 120 AD3d at 472; Centennial Ins. Co. v Apple Bldrs. & Renovators, Inc., 60 AD3d 506).
The defendants also failed to establish that the disqualification of GSF was warranted under the advocate-witness rule. Rule 3.7(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, unless certain exceptions apply, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (see Falk v Gallo, 73 AD3d 685). A party moving for disqualification must demonstrate that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 446; Trimarco v Data Treasury Corp., 91 AD3d 756, 757; Daniel Gale Assoc., Inc. v George, 8 AD3d 608, 609). Here, the defendants failed to demonstrate that testimony from the members of GSF was necessary to their case, or that such testimony would be prejudicial to the plaintiffs (see Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 901, 901; Magnus v Sklover, 95 AD3d 837, 839; Trimarco v Data Treasury Corp., 91 AD3d at 757; Daniel Gale Assoc., Inc. v George, 8 AD3d at 609).
Accordingly, the defendants' cross motion to disqualify the plaintiffs' counsel should have been denied.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court