(September 23, 2008)

■ JACOB F. BIEGEL, as Trustee of HRB ASSET TRUST, Appellant, v FRANK GANGEMI et al., Defendants, and JOHN GANGEMI et al., Respondents. [864 NYS2d 530]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 30, 2007, as granted the motion of the defendants John Gangemi and Theresa Tortorici for summary judgment dismissing the complaint insofar as asserted against them and denied his cross motion for summary judgment and to strike the answer of the defendant Ursula Gangemi for her failure to comply with discovery demands and his separate cross motion to disqualify

the defendant Ursula Gangemi and her professional limited liability company as counsel for the defendants John Gangemi and Theresa Tortorici.

Ordered that the order is modified, on the law and as a matter of discretion, (1) by deleting the provision thereof granting the motion of the defendants John Gangemi and Theresa Tortorici for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying the plaintiff's cross motion to disqualify the defendant Ursula Gangemi and her professional limited liability company as counsel for the defendants John Gangemi and Theresa Tortorici, and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In August 2001 Frank Gangemi (hereinafter Frank), as the secretary of 2537-39 Cropsey Avenue Realty Corp. (hereinafter Cropsey Realty), executed a mortgage note for $170,000 in favor of the HRB Asset Trust (hereinafter HRB). The note was secured by a mortgage on the Cropsey Realty property. In addition, Frank, as attorney-in-fact for Pat Marsala (the sole shareholder of Cropsey Realty), executed a personal guaranty for the loan. Allegedly, HRB transferred the loan proceeds to the IOLA account of Frank's law firm Gangemi & Gangemi and Frank withdrew them for his own use.

After HRB commenced a foreclosure action, the defendant John Gangemi, Frank's father and also an attorney, contended that his signature as the notary public on the power of attorney had been forged. The defendant Theresa Tortorici, a secretary at Gangemi & Gangemi, admitted that it was her signature as the notary public on the corporate resolution, but asserted that Marsala must have signed the document before her, although she did not remember him doing so. The defendant Ursula Gangemi, Frank's sister, was an attorney at Gangemi & Gangemi in 2001. The foreclosure action was subsequently discontinued, and in September 2002 Jacob F. Biegel, as trustee of HRB, commenced the instant action to recover damages for fraud, unjust enrichment, and conversion.

The defendants John Gangemi and Theresa Tortorici failed to demonstrate their entitlement to judgment as a matter of law since there remains a triable issue of fact with respect to whether John Gangemi was a partner in the law firm of Gangemi & Gangemi during the relevant time period (*see Ottinger v Dempsey,* 161 AD2d 691 [1990]; *see also Graubard Mollen Dannett & Horowitz v Moskovitz,* 86 NY2d 112 [1995]).

There is also a triable issue of fact regarding Tortorici's signature as notary public on the subject document (*see Campbell v Campbell,* 43 AD3d 1264 [2007]; *Mattera v Mattera,* 125 AD2d 555 [1986]). Accordingly, the Supreme Court erred in awarding summary judgment to these defendants (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The Supreme Court should have granted the cross motion to disqualify the defendant Ursula Gangemi and her professional limited liability company as counsel for John Gangemi and Tortorici. Disqualification is warranted if an attorney's testimony is necessary (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445-446 [1987]; *Nationscredit Fin. Servs. Corp. v Turcios,* 41 AD3d 802 [2007]). Here, the plaintiff demonstrated that the defendant Ursula Gangemi, as a member of the Gangemi & Gangemi law firm during the period in question, is an essential witness who ought to be called to testify at the trial. Thus disqualification of Ursula Gangemi and her professional limited liability company as counsel herein was warranted (*see Chadrjian v Purcell,* 293 AD2d 699 [2002]; *Korfmann v Kemper Natl. Ins. Co.,* 258 AD2d 508 [1999]; *see also* Code of Professional Responsibility DR 5-102 [a], [b] [22 NYCRR 1200.21 (a), (b)]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.