CONGREGATION TALMUD TORAH OHEV SHALOM R. MORRIS KEVELSON, Appellant-Respondent, v ABRAHAM SORSCHER et al., Respondents-Appellants, and LIBERTY HALL CHURCH OF GOD, INC., et al., Respondents. [894 NYS2d 476]—

On April 26, 2006, the defendant Bernice London signed a deed, inter alia, as "President" of the plaintiff religious corporation conveying certain real property to the defendant Liberty Hall Church of God, Inc. (hereinafter Liberty Hall). The deed was recorded on May 8, 2006. Liberty Hall received a mortgage loan from the defendant Evangelical Christian Credit Union (hereinafter ECCU) which was secured by the property, and that mortgage was recorded on May 12, 2006.

The plaintiff subsequently commenced this action to cancel the deed and mortgage recorded in 2006. In its complaint, the plaintiff alleged that the defendants Abraham Sorscher, Bronx Jewish Boys, Yeshiva Gedolah of Sheepshead Bay, and London (hereinafter collectively the Sorscher defendants) had fraudulently represented themselves as the plaintiff and had conveyed the property to Liberty Hall without the authority to act on the plaintiff's behalf. In an order dated August 20, 2007, the Supreme Court denied the plaintiff's cross motion for summary judgment on the complaint, and the Sorscher defendants' motion to disqualify the plaintiff's attorney and his firm.

Contrary to the plaintiff's contention, the court properly denied its cross motion for summary judgment on the complaint. The plaintiff established its prima facie entitlement to judgment as a matter of law by tendering evidence that the Sorscher defendants lacked the authority to convey the property to Liberty Hall on its behalf (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, however, the Sorscher defendants raised a triable issue of fact as to whether they possessed such authority (cf. LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 599-600 [2007]). Moreover, the opposition papers of Liberty Hall and ECCU raised a triable issue of fact as to whether those defendants were, respectively, a bona fide purchaser and encumbrancer of their interests in the property (see Real Property Law § 266; Maiorano v Garson, 65 AD3d 1300, 1302 [2009]; Fischer v Sadov Realty Corp., 34 AD3d 630, 631 [2006]; Karan v Hoskins, 22 AD3d 638 [2005]).

However, we have been advised of a change in circumstances which makes it appropriate to remit this matter for a new determination of the Sorscher defendants' motion to disqualify the plaintiff's attorney and his firm. Although a party's entitlement to be represented by counsel of its choice is a valued right (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 440 [1987]; Hudson Val. Mar., Inc. v Town of Cortlandt, 54 AD3d 999, 1000 [2008]), disqualification is nevertheless warranted where an attorney's testimony is necessary (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7; S & S

*Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d at 445-446; *Biegel v Gangemi*, 54 AD3d 887, 889 [2008]; *Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802 [2007]). In concluding that disqualification was unwarranted, the court found, inter alia, that the Sorscher defendants failed to demonstrate that the testimony of the plaintiff's attorney would not be merely cumulative of the testimony of the plaintiff's principal. While this appeal was pending, the plaintiff's principal died. Since the death of the plaintiff's principal has a significant bearing on the issue of whether the plaintiff's attorney is a necessary witness who ought to be called to testify at trial, we remit this matter to the Supreme Court, Kings County, for a new determination of the Sorscher defendants' motion to disqualify the plaintiff's attorney and his firm.

The parties' remaining contentions are without merit. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.