MICHAEL TRIMARCO, Respondent, v DATA TREASURY CORPORATION, Appellant. [936 NYS2d 574]—

The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court (*see Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802 [2007]). A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a

clear showing that disqualification is warranted (*see Aryeh v Aryeh*, 14 AD3d 634 [2005]). On a motion to disqualify an attorney, the burden of making such a showing is on the moving party (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437 [1987]; *Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802 [2007]).

The advocate-witness rules contained in the Rules of Professional Conduct (*see* 22 NYCRR 1200.0), provide guidance, but are not binding authority, for the courts in determining whether a party's attorney should be disqualified during litigation (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437 [1987]). Rule 3.7 of the Rules of Professional Conduct provides that, unless certain exceptions apply, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]; *see Falk v Gallo*, 73 AD3d 685 [2010]). In order to disqualify counsel, a party moving for disqualification must demonstrate that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H.*, 69 NY2d at 446; *Daniel Gale Assoc., Inc. v George*, 8 AD3d 608, 609 [2004]).

Here, the plaintiff failed to demonstrate that the disqualification of Richard B. Friedman and his law firm, McKenna, Long & Aldridge, LLP, from representing the defendant in this action was warranted. There was no showing that Friedman's testimony was necessary, as there was no evidence that he had firsthand knowledge of material facts relevant to the case (*cf. Falk v Gallo*, 73 AD3d 685 [2010]). Further, the plaintiff failed to demonstrate that Friedman's testimony would be prejudicial to the defendant. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to disqualify Friedman and McKenna, Long & Aldridge, LLP, from representing the defendant in this action.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.