*833 The nonparty-appellant’s contention, in effect, that the husband waived the right to seek disqualification, is without merit under the circumstances of this case (see M.A.C. Duff, Inc. v ASMAC, LLC, 61 AD3d 828 [2009]; cf. Matter of Aaron W. v Shannon W., 96 AD3d 960 [2012]; Matter of Lovitch v Lovitch, 64 AD3d 710 [2009]).
“The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court” (Trimarco v Data Treasury Corp., 91 AD3d 756, 756 [2012]; see Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802 [2007]). In order to disqualify counsel pursuant to the advocate-witness rule, the moving party must demonstrate that (1) the testimony of the opposing party’s counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 446 [1987]; Trimarco v Data Treasury Corp., 91 AD3d at 757; Daniel Gale Assoc., Inc. v George, 8 AD3d 608, 609 [2004]). Here, the husband demonstrated that disqualification of Nancy M. Eraca as the wife’s attorney was warranted. Accordingly, the Supreme Court properly granted that branch of the husband’s cross motion which was for disqualification. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.