ANDREW J. HOMAR et al., Appellants, v AMERICAN HOME MORTGAGE ACCEPTANCE, INC., et al., Respondents. [990 NYS2d 250]—

In an action, inter alia, to cancel a mortgage encumbering certain real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated July 17, 2012, as granted the defendants' motion to disqualify the plaintiff Joseph E. Ruyack III from representing the plaintiff Andrew J. Homar in the action.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the motion to disqualify the plaintiff Joseph E. Ruyack III from representing the plaintiff Andrew J. Homar is denied.

"Disqualification . . . during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]). "A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Trimarco v Data Treasury Corp., 91 AD3d 756, 756-757 [2012]; see Aryeh v Aryeh, 14 AD3d 634, 634 [2005]). In order to disqualify counsel on the ground that he or she may be called as a witness, the party moving for disqualification has the burden of demonstrating that "(1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party" (Trimarco v Data Treasury Corp., 91 AD3d at 757).

Here, the movants failed to demonstrate that the disqualification of the plaintiff Joseph E. Ruyack III from representing his coplaintiff Andrew J. Homar in this action was warranted. There was no showing that Ruyack's testimony was necessary to the movants' defense. Indeed, they conceded that they do not intend to call Ruyack as a witness. Moreover, they were aware of Ruyack's close involvement in the underlying mortgage transaction long before moving to disqualify him. Thus, it can also be inferred that the motion was made in order to secure a tactical advantage or to force a settlement (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 638 [1998]; S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 443; Broadwhite Assoc. v Truong, 237 AD2d 162, 163 [1997]; see also Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d 692, 694 [2013]). Accordingly, the Supreme Court improvidently exercised its discretion

in granting the motion. Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.