OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
On January 7, 2012, two days after the birth of his son at Northern Westchester Hospital (NWH) and while his son and wife were still in the hospital, defendant attempted to carry his newborn son outside of the hospital for some fresh air. Plaintiffs, two nurses employed by NWH, informed defendant that, in order to do so, he had to transport the infant in a bassinet and that he needed permission to remove his son from the maternity floor.
Nevertheless, rather than obtaining a physician’s permission to remove his son from the maternity floor, defendant proceeded directly to the elevator. Plaintiffs called security and then prevented defendant from leaving in the elevator. Defendant then proceeded to try and exit the maternity floor using the stairs. Again, plaintiffs, along with security, prevented him from leaving the floor. However, this time there allegedly was an altercation between defendant and plaintiffs at the stair door causing injuries to plaintiffs.
On February 23, 2012, defendant was criminally charged with one count of endangering the welfare of a child and two counts of harassment in the second degree for the altercation between defendant and the two plaintiffs in the stairway area.
On November 20, 2012, after a non-jury trial, the court (Town Justice John Donohue) found defendant not guilty of all charges.
This personal injury action was commenced on November 27, 2012. Issue was joined on January 15, 2013.
During July of 2014, each plaintiff submitted to three independent medical examinations (IMEs) performed by defendant’s insurance company. Plaintiff Anna Lane submitted to a psychological IME with Dr. Richard DeBenedetto, an orthopedic IME by Dr. David Elfenbein, and a neurological IME by Dr. Elliott Gross. Plaintiff Cari Lucania submitted to a psychologi *700 cal IME with Dr. Victoria L. Londin, an orthopedic IME by Dr. David Elfenbein, and a neurological IME by Dr. Ronald Silver-man. With respect to Anna Lane, in July 2014, Drs. DeBenedetto and Elfenbein each issued an IME report with a finding that her injuries were causally related to the January 7, 2012 incident. Dr. Gross found no causal relationship. With respect to Cari Luciano, Drs. Londin and Elfenbein each issued an IME report with a finding that her injuries were causally related to the January 7, 2012 incident. Dr. Silverman found no causal relationship.
Thereafter, in August of 2014, defense counsel sent Drs. De-Benedetto, Elfenbein, and Londin additional information with regard to plaintiffs (including plaintiffs’ deposition transcripts) and medical records (including the neurological IME reports which found no causal relationship) together with a copy of Judge Donohue’s November 20, 2012 written decision in the criminal matter.
Shortly thereafter, Dr. DeBenedetto issued an addendum to his July 2, 2014 report stating that upon review of the additional information provided by defense counsel he now found no causal relationship between Lane’s injuries and the January 7, 2012 incident.
On July 8, 2014, August 20, 2014, and October 10, 2014, Dr. Elfenbein issued addendums to his original July 2, 2014 report. The July 8, 2014 and August 20, 2014 addendums further indicated a causal relationship between Lane’s injuries and the incident. However, on October 10, 2014, after attending a meeting at Dr. Elfenbein’s office with defense counsel and defendant, Dr. Elfenbein issued a third addendum wherein he no longer found Lane’s injuries were causally related to the incident. In his October 10, 2014 addendum Dr. Elfenbein states “Attorney Douglas presented me with medical records and did review some key aspects of them with me. He then asked me verbally and in writing to review those records in their entirety and readdress my conclusions regarding causation in my Independent Examination.”
On September 14, 2014, Dr. Londin issued an addendum to her original July 21, 2014 IME report in which she now found no causal relationship between Luciano’s injuries and the January 7, 2012 incident.
On October 10, 2014, Dr. Elfenbein issued an addendum to his original July 23, 2014 IME now finding that Luciano’s injuries were not causally related to the January 7, 2012 *701 incident. In his October 10, 2014 addendum, Dr. Elfenbein acknowledges that on October 7, 2014 he met with defendant as well as defendant’s counsel to review additional information and medical records for Luciano.
Plaintiffs now move to disqualify defendant’s counsel arguing that they inappropriately coerced Drs. DeBenedetto, Lon-din, and Elfenbein into changing their findings. Plaintiffs note that medical records are to be provided to IME doctors prior to the examination, not after a medical opinion has been provided. Furthermore, plaintiffs argue that it was inappropriate to provide the IME doctors with Judge Donohue’s November 2012 decision finding defendant not guilty in the criminal trial.
Plaintiffs argue that defendant’s counsel must be disqualified since they will be called as witnesses at trial to testify regarding their interaction with IME doctors Drs. DeBenedetto, Elfenbein, and Londin. Plaintiffs claim that the only way to assure them of a fair trial is to allow them to cross-examine defense counsel as to the substance of their meeting with the doctors which caused them to change their opinion. They assert this is the only way to “level the playing field” to some extent. Thus, since defense counsel cannot be both witness and counsel on this case, disqualification is mandatory.
Plaintiffs also seek the imposition of sanctions against defendant for what they allege to be outrageous behavior with respect to coercing the IME doctors to change their findings.
In opposition, defendant argues that there is nothing improper with furnishing experts with additional records. Further, defendant argues that the testimony of Gary Douglas and Rebecca Newman, members of Douglas & London, PC., is not necessary to plaintiffs’ case.
Discussion
The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court (see Trimarco v Data Treasury Corp., 91 AD3d 756 [2d Dept 2012]; Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802 [2d Dept 2007]). A party’s entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted (see Aryeh v Aryeh, 14 AD3d 634 [2d Dept 2005]). On a motion to disqualify an attorney, the burden of making such a showing is on the moving party (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437 [1987]; Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802 [2d Dept 2007]).
*702 The advocate-witness rules contained in the Rules of Professional Conduct (see 22 NYCRR 1200.0) provide guidance, but are not binding authority, for the courts in determining whether a party’s attorney should be disqualified during litigation (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437 [1987]). Rule 3.7 of the Rules of Professional Conduct provides that, unless certain exceptions apply, “[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact” (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]; see Falk v Gallo, 73 AD3d 685 [2010]). In order to disqualify counsel, a party moving for disqualification must demonstrate that (1) the testimony of the opposing party’s counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party (see S & S Hotel Ventures Ltd. Partnership v 777 S. H., 69 NY2d at 446; Daniel Gale Assoc., Inc. v George, 8 AD3d 608, 609 [2d Dept 2004]).
Here, plaintiffs have established that the testimony of defense counsel Douglas & London, P.C. regarding its conduct and interactions with the IME doctors, including what occurred during the meeting with Dr. Elfenbein, to warrant a change in their original determination that plaintiffs’ injuries were causally related to the January 7, 2012 incident is necessary to their case and would be prejudicial to defendant. (See McElduff v McElduff, 101 AD3d 832 [2d Dept 2012].)
The court notes that in opposition defendant relies on S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp. (69 NY2d 437 [1987]) for the proposition that merely because a parties’ counsel “ought” to be called as a witness does not warrant disqualification because it is not “necessary” that counsel be called as witness. Notably, in S & S Hotel Ventures Ltd. Partnership, defendant moved to disqualify plaintiff’s counsel on the ground that plaintiff’s counsel, who participated in the real estate transaction which was the subject of the litigation, “ought to be called as witnesses at trial on behalf of plaintiff” (id. at 441). In reversing the Appellate Division’s affirmance of the motion court’s granting of defendant’s motion to disqualify plaintiff’s counsel, the Court of Appeals noted that plaintiff never indicated that it intended to call its own counsel as a witness. In fact, plaintiff repeatedly declared that it had no intention of calling its counsel to testify at trial. The Court of Appeals stated, “Where such a client, in such circumstances, knowingly chooses to forego the testimony of its lawyer because *703 it prefers to continue the representation of its law firm, it is curious indeed for the adversary to insist that the lawyer ought to be called as a witness for that client, and for a court on that basis to disqualify the firm” (id. at 445 [citations omitted]). The Court of Appeals further noted that whether plaintiff “ought” to call its own counsel is different than whether plaintiff’s counsel testimony was necessary to establish plaintiff’s case.
The Court of Appeals also noted, “While defendant urges that, even if plaintiff does not call [its counsel] it will, and his testimony will prejudice his client (see, Code of Professional Responsibility DR 5-102 [B]), the thrust of defendant’s motion as made was that the witnesses ought to be called on plaintiff’s behalf” (id. at 446). Therefore, the Court did not address whether plaintiff’s counsel should have been disqualified if called by defendant.
Here, plaintiffs are seeking the disqualification of defendant’s counsel on the ground that they need to call Gary Douglas and Rebecca Newman as witnesses to testify regarding their interactions with the IME doctors which resulted in the doctors changing their medical conclusions. Accordingly, S & S Hotel Ventures Ltd. Partnership is distinguishable from the facts of this case.
Based upon the foregoing, plaintiffs’ motion to disqualify Douglas & London, P.C. from continuing to represent defendant is granted. Further, plaintiffs’ application for the imposition of sanctions is denied.
The parties are to appear in the Compliance Part on the next scheduled date.