Scialdone v Stepping Stones Assoc., L.P. (2017 NY Slip Op 01902)





Scialdone v Stepping Stones Assoc., L.P.


2017 NY Slip Op 01902


Decided on March 15, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2012-02765
2012-02769
2012-02770
 (Index No. 12514/11)

[*1]Gregory P. Scialdone, appellant, 
v
Stepping Stones Associates, L.P., et al., respondents.


Gregory P. Scialdone, White Plains, NY (Theresa M. Gugliotta of counsel), appellant pro se.
Finger & Finger, A Professional Corporation, White Plains, NY (Kenneth J. Finger of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for eviction from a parking space, to determine the plaintiff's right to the parking space, and for injunctive relief, the plaintiff appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Collabella, J.), entered February 9, 2012, which, among other things, denied those branches of his motion which were for a preliminary injunction and for leave to amend the complaint to add another defendant, and denied that branch of his separate motion which was to disqualify defense counsel, (2) so much of an order of the same court, also entered February 9, 2012, as denied his motion for leave to renew or reargue certain branches of a prior motion which were for, inter alia, a temporary restraining order, and (3) stated portions of an order of the same court entered February 17, 2012, which, among other things, denied those branches of his separate motion which were for leave to amend the complaint to add another defendant and for leave to reargue those branches of his prior motion which were for a preliminary injunction and to disqualify defense counsel, which were denied in the first order entered February 9, 2012.
ORDERED that the appeal from so much of the second order entered February 9, 2012, as denied that branch of the plaintiff's motion which was for leave to reargue certain branches of his prior motion which were for, inter alia, a temporary restraining order is dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507); and it is further,
ORDERED that the appeal from so much of the order entered February 17, 2012, as denied that branch of the plaintiff's motion which was for leave to reargue those branches of his prior motion which were for a preliminary injunction and to disqualify defense counsel is dismissed, as no appeal lies from an order denying reargument (see id. at 507); and it is further,
ORDERED that the first order entered February 9, 2012, is affirmed insofar as appealed from; and it is further,
ORDERED that the second order entered February 9, 2012, and the order entered February 17, 2012, are affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action in 2011, alleging that he is a tenant of an apartment complex in White Plains, owned and operated by the defendants, Stepping Stones Associates, L.P., and DeRosa Builders, Inc., and that he was constructively evicted from one of his three parking spaces in the complex. The complaint sought a determination of the plaintiff's right to use the parking space, injunctive relief, and damages exceeding $5 million.
The Supreme Court properly denied that branch of the plaintiff's motion which was for a preliminary injunction. "To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (Yedlin v Lieberman, 102 AD3d 769, 769-770; see CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860, 862). The purpose of a preliminary injunction is to maintain the status quo pending determination of the action (see Schweizer v Town of Smithtown, 19 AD3d 682). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (see Ying Fung Moy v Hohi Umeki, 10 AD3d 604). Here, the plaintiff failed to meet his burden of showing his entitlement to a preliminary injunction. It is undisputed that the plaintiff voluntarily vacated the parking space at issue prior to commencing the instant litigation. Thus, he was unable to show that he would suffer irreparable injury without an injunction, since he had already vacated the parking space. The plaintiff further failed to demonstrate a likelihood of success on the merits and a balancing of the equities in his favor.
The Supreme Court also properly denied those branches of the plaintiff's motions which sought leave to amend the complaint to add two parties as additional defendants in this action. CPLR 3025(b) provides that "[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading." The plaintiff submitted no such amended complaint with his motion. In any event, the court providently exercised its discretion in denying the plaintiff's application to add two fellow tenants who were using his former parking space as defendants in the instant action (see generally CPLR 1003; Merchants Bank of N.Y. v Rosenberg, 31 AD3d 507, 508).
The Supreme Court also properly denied that branch of the plaintiff's motion which sought to disqualify defense counsel. "A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 901, 901 [internal quotation marks omitted]). The plaintiff failed to sustain his burden of demonstrating that disqualification was warranted in this matter.
The Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to renew certain branches of his motion seeking, inter alia, a temporary restraining order (see generally CPLR 2221[e]).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., DILLON, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court