■ Cari Luciano et al., Respondents, v Douglas Kennedy, Appellant. [54 NYS3d 708]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), dated July 31, 2015, which granted the plaintiffs' motion to disqualify nonparty Douglas & London, P.C., from representing the defendant in this action.

Ordered that the order is reversed, on the facts and in the

exercise of discretion, with costs, and the plaintiffs' motion to disqualify nonparty Douglas & London, P.C., from representing the defendant in this action is denied.

"Disqualification of a law firm during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]). A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see Scialdone v Stepping Stones Assoc., L.P.*, 148 AD3d 950 [2017]; *Trimarco v Data Treasury Corp.*, 91 AD3d 756, 757 [2012]). In order to disqualify counsel on the ground that he or she may be called as a witness, the party moving for disqualification has the burden of demonstrating that counsel's testimony is necessary (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d at 446; *Falk v Gallo*, 73 AD3d 685, 686 [2010]; *Biegel v Gangemi*, 54 AD3d 887, 889 [2008]; *Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802 [2007]).

Here, the plaintiffs failed to demonstrate that the disqualification of nonparty Douglas & London, P.C. (hereinafter the law firm), from representing the defendant in this action was warranted. There was no showing that the testimony of any of the law firm's attorneys was necessary to establish the plaintiffs' case (*see Homar v American Home Mtge. Acceptance, Inc.*, 119 AD3d 901, 901 [2014]; *Trimarco v Data Treasury Corp.*, 91 AD3d at 757; *see also Orbco Advisors LLC v 400 Fifth Realty LLC*, 134 AD3d 448, 448 [2015]; *Congregation Talmud Torah Ohev Shalom R. Morris Kevelson v Sorscher*, 69 AD3d 898, 899 [2010]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.