In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered August 31, 2016, which granted the motion of the defendants Jaypeejay Foods, Inc., Golden Key Foods, Inc., and Peter Giunta for summary judgment dismissing the complaint insofar as asserted against them.
 

 Ordered that the order is affirmed, with costs.
 

 In October 2011, the plaintiff was shopping in an Associated Supermarket in Great Neck when she allegedly tripped over a red shopping basket that was on the floor near the checkout lane in which she was standing. She subsequently commenced this action against the defendants Jaypeejay Foods, Inc., Golden Key Foods, Inc., and Peter Giunta (hereinafter collectively the defendants), and another, alleging negligence and seeking to recover damages for personal injuries. Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds, inter alia, that they did not create the condition or have actual or constructive notice of it. The Supreme Court granted the motion, and the plaintiff appeals.
 

 A property owner has a duty to keep the property in a reasonably safe condition in view of all the circumstances (see Basso v Miller, 40 NY2d 233, 241 [1976]). In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence (see Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453 [2015]; Pampalone v FBE Van Dam, LLC, 123 AD3d 988 [2014]).
 

 Contrary to the plaintiff’s contention, under the circumstances of this case, the evidence submitted in support of the defendants’ motion, which included the deposition transcripts of the parties, established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that they did not create the alleged condition or have actual or constructive notice of it (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
 

 In view of the foregoing, we do not reach the defendants’ remaining contention.
 

 Mastro, J.P., Roman, Miller and Connolly, JJ., concur.