Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC (2018 NY Slip Op 00424)





Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC


2018 NY Slip Op 00424


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2016-05795
 (Index No. 605850/15)

[*1]In the Matter of 148 South Emerson Partners, LLC, petitioner-respondent, 
v
148 South Emerson Associates, LLC, respondent; Drew Doscher, etc., intervenor respondent-appellant.


Kasowitz Benson Torres LLP, New York, NY (Michael J. Bowe of counsel), for intervenor respondent-appellant.
Arnold & Porter Kaye Scholer LLP, New York, NY (James M. Catterson, Margaret A. Rogers, Stephanna F. Szotkowski, and Greenberg Traurig, LLP [Michael Burrows], of counsel), for petitioner-respondent.



DECISION & ORDER
Appeal from stated portions of an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated April 15, 2016. The order, inter alia, denied those branches of the intervenor respondent's motion which were for summary judgment dismissing the petition and to disqualify the petitioner's counsel from representing the petitioner in this proceeding.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Many of the essential facts underlying this summary holdover proceeding are recited in the decision and order of this Court determining the related appeal (see Matter of 148 South Emerson Partners, LLC v 148 South Emerson Associates, LLC, _____ AD3d _____ [Appellate Division Docket No. 2016-05032; decided herewith]). On December 28, 2015, the intervenor-respondent, Drew Doscher, moved, inter alia, for summary judgment dismissing the petition and to disqualify counsel for the petitioner, 148 South Emerson Partners, LLC (hereinafter Emerson Partners), from representing Emerson Partners in this proceeding. In an order dated April 15, 2016, the Supreme Court, inter alia, denied those branches of Doscher's motion. Doscher appeals.
Doscher failed to demonstrate that the notice of termination served by Emerson Partners on the respondent, 148 South Emerson Associates, LLC (hereinafter Emerson Associates), was defective or that a notice to cure was required (see Real Property Law § 228; Genesee Conservation Found. v Oatka Fish & Game Club, 63 AD2d 1115, 1115). Contrary to Doscher's contention, the demand and notice requirements of RPAPL 711(2) are inapplicable here, as this proceeding was expressly commenced pursuant to RPAPL 711(1).
Moreover, contrary to Doscher's contention, the petition adequately set forth the material facts upon which the proceeding was based, and was sufficiently particular to give the Supreme Court and Emerson Associates adequate notice of the transaction and the material elements of the proceeding (see RPAPL 741; Boll v Shanly, 34 AD2d 875, 876). To the extent that the [*2]petition pleaded alternative theories supporting eviction by alleging that the purported lease was not valid and, in any event, that Emerson Associates' tenancy was properly terminated under the terms of that lease, the court resolved any inconsistency in the pleading by determining, after a framed-issue hearing, that no leasehold existed between Emerson Partners and Emerson Associates.
The Supreme Court properly denied that branch of Doscher's motion which was to disqualify Emerson Partners' counsel. "A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 901, 901 [internal quotation marks omitted]). Doscher failed to sustain his burden of demonstrating that disqualification was warranted in this matter (see Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 950, 952; Kelleher v Adams, 148 AD3d 692).
Doscher's remaining contentions are without merit.
Accordingly, the Supreme Court, inter alia, properly denied those branches of Doscher's motion which were for summary judgment dismissing the petition and to disqualify Emerson Partners' counsel from representing Emerson Partners in this proceeding.
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court