Empire Med. Servs. of Long Is., P.C. v Sharma (2020 NY Slip Op 07545)





Empire Med. Servs. of Long Is., P.C. v Sharma


2020 NY Slip Op 07545


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-12821
 (Index No. 6701/16)

[*1]Empire Medical Services of Long Island, P.C., et al., plaintiffs, Anthony Colantonio, appellant,
v
Anupam Sharma, et al., respondents, et al., defendants.


Anthony Colantonio, Garden City, NY, appellant pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff Anthony Colantonio appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered September 12, 2017. The order granted the separate motions of the defendants Darrell Conway and Anupam Sharma to disqualify the plaintiff Anthony Colantonio as counsel for the plaintiffs Empire Medical Services, P.C., and Robert Cestari in this action.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with one bill of costs, and the separate motions of the defendants Darrell Conway and Anupam Sharma to disqualify the plaintiff Anthony Colantonio as counsel for the plaintiffs Empire Medical Services, P.C., and Robert Cestari in this action are denied.
In September 2016, the plaintiffs, Anthony Colantonio, Empire Medical Services of Long Island, P.C. (hereinafter Empire Medical), and Robert Cestari, commenced this action, inter alia, to recover damages for fraud and breach of contract arising out of the purchase/lease of a liposuction laser unit (hereinafter the laser unit). Colantonio, who is a physician and an attorney, is representing himself as well as Empire Medical and Cestari in this action.
The defendant Darrell Conway, who was counsel for Colantonio and Empire Medical in a prior action wherein Colantonio and Empire Medical were found liable for the amount of the remaining payments on the laser unit at issue (see Ascentium Capital, LLC v Empire Med. Servs. of Long Is., P.C., 182 AD3d 563), moved in this action to disqualify Colantonio as counsel for Empire Medical and Cestari. The defendant Anupam Sharma (hereinafter together with Conway, the defendants), who the plaintiffs allege was involved in the fraudulent purchase/lease of the laser unit, separately moved for similar relief. In an order entered September 12, 2017, the Supreme Court granted the motions. Colantonio appeals.
The Supreme Court should have denied the motions to disqualify Colantonio as counsel for Empire Medical and Cestari. "'A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted'" (Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 901, 901, quoting Trimarco v Data Treasury Corp., 91 AD3d 756, 756-757). Although the right to counsel of one's choosing is not absolute, disqualification of legal counsel during litigation implicates both the ethics of the profession as well as the parties' substantive rights, requiring any restrictions to be carefully scrutinized (see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 443; Gulino v Gulino, 35 AD3d 812, 812). "In order to disqualify counsel on the [*2]ground that he or she may be called as a witness, the party moving for disqualification has the burden of demonstrating that '(1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party'" (Homar v American Home Mtge. Acceptance, Inc., 119 AD3d at 901, quoting Trimarco v Data Treasury Corp., 91 AD3d at 757; see Lombardi v Lombardi, 164 AD3d 665, 667). In turn, "[a] finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d at 446).
Here, the defendants each failed to make the requisite showing that Colantonio should be disqualified as counsel for Empire Medical and Cestari. The defendants failed to specify the facts about which they expect Colantonio to testify or to establish how such testimony would be necessary to their defense (see Lombardi v Lombardi, 164 AD3d at 667; Trimarco v Data Treasury Corp., 91 AD3d at 757). They also failed to allege that Colantonio's testimony would be prejudicial to Cestari or Empire Medical (see Trimarco v Data Treasury Corp., 91 AD3d at 757). Indeed, Colantonio and Cestari both attested to the opposite. At this early stage in the litigation, discovery has not established the substance and necessity of Colantonio's testimony in the action (see Harris v Sculco, 86 AD3d 481, 481). Moreover, in opposition to the motions, Cestari averred that disqualification of Colantonio would cause a substantial hardship on him, which constitutes an exception to the rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0) advocate-witness disqualification (see 22 NYCRR 1200.0; Greenburg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 511; see also People v Townsley, 20 NY3d 294, 299).
Accordingly, the motions to disqualify Colantonio as counsel for Cestari and Empire Medical in this action should have been denied.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court