Kuyenova v R&M Supermarket (2023 NY Slip Op 02113)

Kuyenova v R&M Supermarket

2023 NY Slip Op 02113

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-08409
 (Index No. 706580/20)

[*1]Svetlana Kuyenova, appellant, 
v
R & M Supermarket, et al., respondents.

Serhiy Hoshovsky, New York, NY, for appellant.
Hardin Kundla McKeon & Poletto, New York, NY (Ross V. Carpenter of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 20, 2020. The order, in effect, granted the defendants' motion for leave to extend their time to move for summary judgment and, thereupon, for summary judgment dismissing the complaint, and denied the plaintiff's cross-motion, inter alia, pursuant to CPLR 3126 to strike the defendants' answer.
ORDERED that the order is affirmed, with costs.
On August 9, 2017, the plaintiff allegedly was injured when she tripped and fell on a shopping basket inside the defendants' supermarket. In October 2017, the plaintiff commenced this action to recover damages for personal injuries. The plaintiff filed a note of issue dated March 10, 2019. On May 16, 2019, the parties entered into a so-ordered stipulation, inter alia, that extended the defendants' time to file a motion for summary judgment to December 31, 2019. On June 2, 2020, the defendants moved for leave to extend their time to move for summary judgment and, thereupon, for summary judgment dismissing the complaint. The plaintiff cross-moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer. The Supreme Court, in effect, granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
Initially, the Supreme Court providently exercised its discretion by, in effect, granting that branch of the defendants' motion which was for leave to extend their time to move for summary judgment. Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions," so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651; see Torres v Serlin Bldg. Ltd. Partnership, 208 AD3d 1195, 1196). Absent a "satisfactory explanation for the untimeliness," constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits (Brill v City of New York, 2 NY3d at 652; see Navarro v Damac Realty, LLC, 202 AD3d 1100, 1101). "Significant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a motion for summary judgment" (Avezbakiyev v City of New York, 104 AD3d 888, 888; see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129; Panzavecchia v County of Nassau, 211 AD3d 846; Fuczynski v 144 Div., LLC, 208 AD3d 1153, 1155).
Here, the defendants established good cause for their delay in moving for summary judgment dismissing the complaint. In support of that branch of their motion which was for leave to extend their time to move for summary judgment, the defendants established that their delay in moving for summary judgment was attributable to significant outstanding discovery essential to the motion, including the plaintiff's continued deposition. The plaintiff's continued deposition took place on February 5, 2020, after the deadline imposed by the Supreme Court in the so-ordered stipulation. The defendants further explained that the filing of their motion was also delayed due to the "suspension of non-essential filing pursuant to Executive Order Number 202 and its progenies," which were issued in response to the COVID-19 pandemic, as well as the conversion of this action to the New York State Courts Electronic Filing system.
On the merits, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. In a trip-and-fall case, "a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). Here, the defendants established, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Loper v Stop & Shop Supermarket Co., LLC, 206 AD3d 641, 641-642; Arevalo v Associated Supermarkets, Inc., 156 AD3d 852, 853). In opposition, the plaintiff failed to raise a triable issue of fact.
Moreover, the Supreme Court providently exercised its discretion by, in effect, denying the plaintiff's cross-motion, inter alia, pursuant to CPLR 3126 to strike the defendants' answer (see id. § 3126[1], [2]; Pegasus Aviation I, Inc v Varig Logistica S.A., 26 NY3d 543, 551; Phelps-Vachier v Genovese Drug Stores, Inc., 207 AD3d 582, 584).
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court