Schmidt v Capone (2025 NY Slip Op 06206)

Schmidt v Capone

2025 NY Slip Op 06206

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-03821
 (Index No. 717310/21)

[*1]John Schmidt, Jr., appellant-respondent,
v
Barbara M. Capone, etc., et al., respondents- appellants, et al., defendants.

Steven Greenfield, Westhampton Dunes, NY, for appellant-respondent.
Bryan Cave Leighton Paisner LLP, New York, NY (Suzanne M. Berger and Christine L. Andreoli of counsel), for respondents-appellants Countrywide Home Loans, Inc., and Bank of America, N.A.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed and mortgage are null and void, the plaintiff appeals, the defendants Countrywide Home Loans, Inc., and Bank of America, N.A., cross-appeal, and the defendant Barbara M. Capone separately cross-appeals, from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated April 25, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Barbara M. Capone which was to disqualify the plaintiff's counsel. The order, insofar as cross-appealed from by the defendants Countrywide Home Loans, Inc., and Bank of America, N.A., denied those defendants' motion to extend their time to move for summary judgment and, thereupon, for summary judgment dismissing the second amended complaint insofar as asserted against them. The cross-appeal by the defendant Barbara M. Capone was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the motion of the defendant Barbara M. Capone which was to disqualify the plaintiff's counsel and substituting therefor a provision denying that branch of that motion; (2) by deleting the provision thereof denying that branch of the motion of the defendants Countrywide Home Loans, Inc., and Bank of America, N.A., which was to extend their time to move for summary judgment and substituting therefor a provision granting that branch of that motion; and (3) by adding a provision thereto denying that branch of the motion of the defendants Countrywide Home Loans, Inc., and Bank of America, N.A., which was for summary judgment dismissing the second amended complaint insofar as asserted against them; as so modified, the order is affirmed insofar as cross-appealed from by the defendants Countrywide Home Loans, Inc., and Bank of America, N.A., with one bill of costs to the plaintiff payable by the defendants Countrywide Home Loans, Inc., and Bank of America, N.A., and the defendant Barbara M. Capone.
In February 2013, the plaintiff commenced this action, inter alia, for a judgment declaring that a deed and mortgage he executed identifying Marie Schmidt, the plaintiff's mother, as a grantee and mortgagor of certain real property located in Queens (hereinafter the property), are null and void. The plaintiff alleged, among other things, that Schmidt's name was fraudulently added to the subject deed and mortgage after closing. The plaintiff commenced this action against [*2]Schmidt and Barbara M. Capone, both individually and as trustees of the M. Schmidt Trust, Countrywide Home Loans, Inc. (hereinafter Countrywide), the assignee of the original mortgage, and Countrywide's loan servicer, Bank of America, N.A. (hereinafter BANA), among others.
In 2015, Schmidt and Capone moved, inter alia, to disqualify the plaintiff's counsel, Steven Greenfield, who represented the plaintiff at the closing of the property and in this action. According to the plaintiff, that motion was withdrawn following Schmidt's death.
After the completion of discovery, pursuant to a so-ordered stipulation dated March 11, 2020, the parties were required to move for summary judgment no later than May 29, 2020. In September 2021, Countrywide and BANA moved to extend their time to move for summary judgment and, thereupon, for summary judgment dismissing the second amended complaint insofar as asserted against them. Capone moved, among other things, to disqualify the plaintiff's counsel. In an order dated April 25, 2022, the Supreme Court, inter alia, granted that branch of Capone's motion and denied the motion of Countrywide and BANA. The plaintiff appeals, and Countrywide and BANA cross-appeal.
The Supreme Court should have denied that branch of Capone's motion which was to disqualify the plaintiff's counsel. "A party's entitlement to be represented by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Empire Med. Servs. of Long Is., P.C. v Sharma, 189 AD3d 1176, 1177 [internal quotation marks omitted]; see Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 510; Gulino v Gulino, 35 AD3d 812, 812). "In order to disqualify counsel on the ground that he or she may be called as a witness, the party moving for disqualification has the burden of demonstrating that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party" (Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 901, 901 [internal quotation marks omitted]; see Lombardi v Lombardi, 164 AD3d 665, 667). "Merely because an attorney has relevant knowledge or was involved in the transaction at issue does not make that attorney's testimony necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d 760, 761 [citations and internal quotation marks omitted]; see Gamez v Lopez, 220 AD3d 844, 846).
Here, Capone failed to demonstrate that Greenfield's testimony was necessary, as there were other witnesses who were available to testify to material facts relevant to the case (see Empire Med. Servs. of Long Is., P.C. v Sharma, 189 AD3d at 1178; Luciano v Kennedy, 151 AD3d 957, 958). Capone also failed to demonstrate that Greenfield's testimony would be prejudicial to the plaintiff (see Empire Med. Servs. of Long Is., P.C. v Sharma, 189 AD3d at 1178; Trimarco v Data Treasury Corp., 91 AD3d 756, 757). Moreover, Capone was aware of Greenfield's involvement in representing the plaintiff during the closing long before moving to disqualify him. Thus, it can also be inferred that Capone's motion was made in order to secure a tactical advantage or to force a settlement (see Homar v American Home Mtge. Acceptance, Inc., 119 AD3d at 901; Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d 692, 694). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of Capone's motion which was to disqualify the plaintiff's counsel.
Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions," so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651; see Kuyenova v R & M Supermarket, 215 AD3d 940, 941). Absent a "satisfactory explanation for the untimeliness," constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits (Brill v City of New York, 2 NY3d at 652; see Kuyenova v R & M Supermarket, 215 AD3d at 941).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the motion of Countrywide and BANA which was to extend their time to move for summary judgment. Those defendants demonstrated good cause for their delay in moving for summary judgment by establishing that their delay was attributable to the suspension of in-person filing pursuant to executive and administrative orders, which were issued in response to the COVID-19 pandemic, as well as the plaintiff's opposition to the conversion of this action to the New York State Courts Electronic Filing system (see Souffrant v M & K Real Estate Assoc., LLC, 225 AD3d 914, 915; Kuyenova v R & M Supermarket, 215 AD3d at 941).
Rather than remitting the matter to the Supreme Court to decide that branch of the motion of Countrywide and BANA which was for summary judgment dismissing the second amended complaint insofar as asserted against them on the merits, in the interest of judicial economy, we reach the merits (see Souffrant v M & K Real Estate Assoc., LLC, 225 AD3d at 916; Nisimova v Starbucks Corp., 108 AD3d 513, 514).
Countrywide and BANA failed to establish their prima facie entitlement to judgment as a matter of law dismissing the second amended complaint insofar as asserted against them. Their submissions failed to eliminate triable issues of fact as to whether the deed and mortgage were void ab initio (see Deramo v Laffey, 149 AD3d 800, 803; Williams v Mentore, 115 AD3d 664, 665). Since Countrywide and BANA failed to meet their initial burden as the movants, that branch of their motion which was for summary judgment dismissing the second amended complaint insofar as asserted against them is denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court