◼ Hector Navarro, Appellant, v Afifi Afifi et al., Respondents. [30 NYS3d 188]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Lane, J.), entered March 21, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2), as limited by his brief, from so much of an order of the same court entered September 18, 2014, as, upon reargument and renewal, adhered to the original determination.

Ordered that the order entered March 21, 2014, is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that the appeal from the order entered September 18, 2014, is dismissed as academic in light of our determination on the appeal from the order entered March 21, 2014; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, inter alia, that the alleged injury to the plaintiff's right shoulder did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his right shoulder (*see Perl v Meher*, 18 NY3d 208, 217-219 [2011]). Since the plaintiff raised a triable issue of fact with respect to the injury to his right shoulder, it is not necessary to determine whether the evidence he submitted raised a triable issue of fact as to whether his other alleged injuries meet the "no fault" threshold (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]; *Rivera v Ramos*, 132 AD3d 655 [2015]).

The defendants failed to make a prima facie showing that the alleged injury to the plaintiff's right shoulder was not causally related to the subject accident. Therefore, the burden did

not shift to the plaintiff to raise a triable issue of fact as to causation (*see Messiana v Drivas*, 85 AD3d 744, 745 [2011]).

In light of our determination, we need not reach the plaintiff's remaining contention. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.