Mitacchione v Ibarra-Alonso (2020 NY Slip Op 05741)





Mitacchione v Ibarra-Alonso


2020 NY Slip Op 05741


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-11984
 (Index No. 601254/16)

[*1]Rino Mitacchione, appellant,
v
Arturo Ibarra-Alonso, et al., respondents.


Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered September 19, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and denied, as academic, the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident that occurred on February 26, 2013. The plaintiff moved for summary judgment on the issue of liability, and the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the defendants' motion and denied the plaintiff's motion as academic. The plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to eliminate triable issues of fact regarding the plaintiff's claims, set forth in the bill of particulars, that he sustained serious injuries to his left elbow and left wrist under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Saunders v Mian, 176 AD3d 994, 995; Hodge v St. Eloi, 168 AD3d 690, 691; Pupko v Hassan, 149 AD3d 988, 989; Staff v Yshua, 59 AD3d 614). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should [*2]have denied the defendants' motion for summary judgment dismissing the complaint.
Under the circumstances, we remit the matter to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability (see Alvarez v Dematas, 65 AD3d 598, 599-600).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court