McGee v Bronner (2020 NY Slip Op 06772)





McGee v Bronner


2020 NY Slip Op 06772


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-13789
 (Index No. 2796/17)

[*1]Frederick L. McGee, Jr., appellant,
v
Joseph Bronner, respondent.


Sobo & Sobo, LLP, Middletown, NY (Stephen J. Cole-Hatchard of counsel), for appellant.
Keane & Bernheimer, PLLC, Valhalla, NY (Michalina N. Shuter of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated October 31, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of an alleged motor vehicle accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident is denied.
In April 2017, the plaintiff commenced this action to recover damages for personal injuries that he alleges he sustained in a motor vehicle accident that occurred in July 2016. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the alleged accident. By order dated October 31, 2018, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The defendant failed to meet his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the alleged accident (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838). The defendant did not proffer competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the lumbar region of his spine or his left shoulder under either the permanent consequential limitations of use or significant limitation of use categories of Insurance Law § 5102(d), as the defendant's expert found significant limitations in the range of motion of the lumbar region of the plaintiff's spine and the plaintiff's left shoulder (see Singleton v F & R Royal, Inc., 166 AD3d at 838; Nuñez v Teel, 162 AD3d 1058, 1059) and the expert failed to adequately explain and substantiate, with competent medical evidence, his belief that the limitations were self-imposed (see Mondesir v Ahmed, 175 AD3d 1291, 1291; Rivas v Hill, 162 AD3d 809, 810-811). Since the [*2]defendant failed to meet his prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Singleton v F & R Royal, Inc., 166 AD3d at 838).
The Supreme Court also should have determined that the defendant failed to establish his prima facie burden on the issue of causation and, thus, the burden did not shift to the plaintiff to raise a triable issue of fact as to this issue (see Weiss v Durso, 178 AD3d 880, 881; Chiu Yuan Hu v Frenzel, 163 AD3d 918, 918-919). The defendant, in effect, conceded that the injuries to both the lumbar region of the plaintiff's spine and the plaintiff's left shoulder were caused by the accident. Further, the defendant's contention that any remaining medical condition in the lumbar region of the plaintiff's spine was caused by a preexisting back injury and any remaining injury to the plaintiff's left shoulder is degenerative in nature is speculative and wholly conclusory (see e.g. Rivera v Ramos, 132 AD3d 655, 655-656).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court