Kumar v Water Auth. of Nassau (2021 NY Slip Op 06680)





Kumar v Water Auth. of Nassau


2021 NY Slip Op 06680


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-08885
 (Index No. 613062/17)

[*1]Rajesh Kumar, et al., appellants, et al., plaintiffs,
v
Water Authority of Nassau, et al., respondents.


The Matera Law Firm, Melville, NY (Michaelangelo Matera and Tyler R. Rossworn of counsel), for appellants.
Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs Rajesh Kumar and Puja Bhasin appeal from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered June 5, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Rajesh Kumar and Puja Bhasin on the ground that the plaintiff Rajesh Kumar did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Rajesh Kumar and Puja Bhasin is denied.
The plaintiff Rajesh Kumar, and his wife, the plaintiff Puja Bhasin (hereinafter together the appellants), suing derivatively, among others, commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by Kumar in a motor vehicle accident. The defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted by the appellants on the ground that Kumar did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered June 5, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion.
The defendants failed to meet their prima facie burden of showing that Kumar did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that Kumar did not sustain a serious injury to the cervical region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as the defendants' expert found significant limitations in the range motion of the cervical region of Kumar's spine (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059), and the expert failed to adequately explain and substantiate, with competent medical evidence, his belief that the limitations were self-imposed (see Mondesir v Ahmed, 175 AD3d 1291; Rivas v Hill, 162 AD3d 809, 810-811). Further, the defendants failed to establish, prima facie, that [*2]the alleged injury to the cervical region of Kumar's spine was not causally related to the accident (see Navarro v Afifi, 138 AD3d 803, 804). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Singleton v F & R Royal, Inc., 166 AD3d at 838).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the appellants.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court