Bouzas v Schroeder (2022 NY Slip Op 03368)





Bouzas v Schroeder


2022 NY Slip Op 03368


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-11105
 (Index No. 605879/18)

[*1]Teresa A. Bouzas, appellant,
v
Toni N. Schroeder, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Jennifer S. Adams, Lake Success, NY (Thomas J. Youllar of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated September 12, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on April 8, 2016. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated September 12, 2019, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as the defendant's expert found significant limitations in the range of motion of the cervical and lumbar regions of the plaintiff's spine (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059), and the expert failed to adequately explain and substantiate, with competent medical evidence, his belief that the limitations were self-imposed (see Mondesir v Ahmed, 175 AD3d 1291; Rivas v Hill, 162 AD3d 809, 810-811). Further, the defendant failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804). Since the defendant failed to meet her prima facie burden, it is unnecessary to determine whether the [*2]opposing papers were sufficient to raise a triable issue of fact (see Singleton v F & Royal, Inc., 166 AD3d at 838).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court