Augustus v Negron (2022 NY Slip Op 06225)

Augustus v Negron

2022 NY Slip Op 06225

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-03983
 (Index No. 511680/16)

[*1]Justin M. Augustus, appellant, 
v
Michelle D. Negron, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Correia King McGinnis & Liferidge, Mineola, NY (Nigeria S. Aljure of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated March 12, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on February 21, 2016. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated March 12, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the lumbar region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). The defendants' expert found significant limitations in the range of motion of the lumbar region of the plaintiff's spine and the expert failed to adequately explain and substantiate, with competent medical evidence, his belief that the limitations were self-imposed (see Bouzas v Schroeder, 205 AD3d 993, 993-994; Kumar v Water Auth. of Nassau, 200 AD3d 668, 668-669; McGee v Bronner, 188 AD3d 1033, 1034). Further, the defendants failed to establish, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine was not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact [*2](see Bouzas v Schroeder, 205 AD3d at 994).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court