Day v Ahmed (2023 NY Slip Op 01499)

Day v Ahmed

2023 NY Slip Op 01499

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-01526
 (Index No. 519175/18)

[*1]Linda M. Day, appellant, 
v
Abdulnasser A. Ahmed, et al., respondents.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY, for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated January 19, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and denied, as academic, the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's cross-motion for summary judgment on the issue of liability.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability. In an order dated January 19, 2021, the Supreme Court granted the defendants' motion and denied, as academic, the plaintiff's cross-motion. The plaintiff appeals.
The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact, inter alia, as to whether she sustained serious injuries to her right shoulder and right ankle under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Furthermore, the defendants failed to establish, prima facie, that the alleged injuries to the plaintiff's right shoulder and right ankle were not caused by the accident. Therefore, the burden did not shift to the plaintiff to raise a triable issue of fact as to causation (see Navarro v Afifi, 138 AD3d 803, 804).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
Under the circumstances, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's cross-motion for summary judgment on the issue of liability (see Mitacchione v Ibarra-Alonso, 187 AD3d 891).
We need not reach the parties' remaining contentions in light of our determination.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court