Washington v Parron-Amaro (2023 NY Slip Op 03257)

Washington v Parron-Amaro

2023 NY Slip Op 03257

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-07281
 (Index No. 510837/18)

[*1]Dominique Washington, et al., appellants,
v
Jose Parron-Amaro, et al., respondents.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellants.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated September 8, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Dominique Washington on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the appeal by the plaintiff Jacquan Casseus is dismissed, as that plaintiff is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed on the appeal by the plaintiff Dominique Washington, on the law, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Dominique Washington is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Dominique Washington.
The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint insofar as asserted by the plaintiff Dominique Washington on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated September 8, 2020, the Supreme Court granted the motion. Washington appeals.
The defendants met their prima facie burden of demonstrating that Washington did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that Washington did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, Washington raised a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine [*2]under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Additionally, the defendants failed to establish, prima facie, that the alleged injuries to the cervical region of Washington's spine were not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804). Since the defendants failed to establish that the alleged injuries to the cervical region of Washington's spine were not caused by the accident, the burden never shifted to Washington to explain any gap in her treatment (see Cortez v Nugent, 175 AD3d 1383, 1384; see generally Pommells v Perez, 4 NY3d 566, 572).
The defendants' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted by Washington.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court