Chavez v Foley (2023 NY Slip Op 04964)

Chavez v Foley

2023 NY Slip Op 04964

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-00659
 (Index No. 607512/18)

[*1]Melkin F. Chavez, appellant, 
v
Timothy D. Foley, et al., respondents.

Cannon & Acosta, LLP, Huntington Station, NY (June Redeker of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 5, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The plaintiff moved for summary judgment on the issue of liability. The defendants opposed the motion and separately moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated January 5, 2022, the Supreme Court granted the defendants' motion and denied the plaintiff's motion as academic. The plaintiff appeals.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to his left shoulder under the significant limitation of use category of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208). As the defendants failed to establish, prima facie, that the alleged injuries to the plaintiff's left shoulder were not caused by the accident, the burden never shifted to the plaintiff to raise a triable [*2]issue of fact regarding causation (see Navarro v Afifi, 138 AD3d 803, 804).
We need not reach the parties' remaining contentions regarding the defendants' motion in light of our determination.
Accordingly, the Supreme Court should have denied the defendants' motion.
Under the circumstances, we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability (see Mitacchione v Ibarra-Alonso, 187 AD3d 891).
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court