Dubois v Muessig (2024 NY Slip Op 02689)

Dubois v Muessig

2024 NY Slip Op 02689

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-00056
 (Index No. 605935/19)

[*1]Calvin L. Dubois, Jr., plaintiff, Tommy Lee Brooks, appellant,
v
Francis F. Muessig, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Martyn, Smith, Murray & Yong, Hauppauge, NY (Robert A. Drummond of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Tommy Lee Brooks appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered December 30, 2021. The judgment, upon an order of the same court dated June 29, 2021, inter alia, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Tommy Lee Brooks on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendant and against the plaintiff Tommy Lee Brooks dismissing the complaint insofar as asserted by him.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Tommy Lee Brooks on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied, the complaint insofar as asserted by the plaintiff Tommy Lee Brooks is reinstated, and the order dated June 29, 2021, is modified accordingly.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries that the plaintiff Tommy Lee Brooks (hereinafter the plaintiff) allegedly sustained in a motor vehicle accident. The defendant moved, among other things, for summary judgment dismissing the complaint insofar as asserted by the plaintiff on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated June 29, 2021, the Supreme Court, inter alia, granted that branch of the defendant's motion. On December 30, 2021, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted by him. The plaintiff appeals.
The defendant met his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the [*2]permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Since the defendant failed to establish that the alleged injury to the plaintiff's left shoulder was not caused by the accident, the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation (see Chavez v Foley, 220 AD3d 651, 652; Navarro v Afifi, 138 AD3d 803, 804) or to explain any gap in treatment (see Cortez v Nugent, 175 AD3d 1383, 1384; see generally Pommells v Perez, 4 NY3d 566, 572).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff.
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court