Brooks v Muessing (2024 NY Slip Op 02683)

Brooks v Muessing

2024 NY Slip Op 02683

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-05241
 (Index No. 608448/20)

[*1]Tommy Lee Brooks, appellant, 
v
Francis F. Muessing, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Martyn, Smith, Murray & Yong, Hauppauge, NY (Robert A. Drummond of counsel), for respondent Francis F. Muessing.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Gary F. Knobel, J.), dated July 7, 2021. The order granted the separate motions of the defendant Francis F. Muessing and the defendants Samantha J. Dubois and Calvin Dubois, Jr., for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the defendants, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendant Francis F. Muessing and the defendants Samantha J. Dubois and Calvin Dubois, Jr., separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated July 7, 2021, the Supreme Court granted the separate motions. The plaintiff appeals.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Since the defendants failed to establish that the alleged injury to the plaintiff's left shoulder was not caused by the accident, the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation (see Chavez v Foley, 220 AD3d 651, 652; Navarro v Afifi, 138 AD3d 803, 804) or to explain any gap in treatment (see Cortez v Nugent, 175 AD3d 1383, 1384; see generally Pommells v Perez, 4 NY3d 566, 572).
Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court