Jones-Parrish v Ranieri (2024 NY Slip Op 04950)

Jones-Parrish v Ranieri

2024 NY Slip Op 04950

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-09164
 (Index No. 600389/20)

[*1]Lynne Jones-Parrish, appellant, 
v
James A. Ranieri, respondent.

Schwartzapfel Lawyers, P.C. (Michael H. Zhu, New York, NY, of counsel), for appellant.
Barbiero Bisch O'Connor & Commander, LLP, Melville, NY (Joseph M. O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), dated October 6, 2022. The order granted the defendant's cross-motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of a collision between the defendant's vehicle and the plaintiff's vehicle, and denied, as academic, the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendant's cross-motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the collision at issue is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she alleged she sustained in January 2018 when a vehicle driven by the defendant collided with the vehicle driven by the plaintiff (hereinafter the collision). The plaintiff moved for summary judgment on the issue of liability. The defendant cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the collision. In an order dated October 6, 2022, the Supreme Court granted the defendant's cross-motion for summary judgment dismissing the complaint and denied the plaintiff's motion as academic.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in considering the defendant's untimely cross-motion for summary judgment dismissing the complaint. The defendant established good cause for his delay in moving for summary judgment, as he demonstrated that his delay was due to the outstanding physical examination of the plaintiff. The parties agreed in a stipulation that the examination would occur after the note of issue was filed, and the defendant promptly cross-moved for summary judgment once the examination was completed and he received the resulting report (see Kuyenova v R & M Supermarket, 215 AD3d 940, 941; Panzavecchia v County of Nassau, 211 AD3d 846, 847).
However, the Supreme Court should have denied the defendant's cross-motion for summary judgment dismissing the complaint. The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the collision. The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to her right hip under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Flood v Fillas, 172 AD3d 1175, 1176; Mercado v Mendoza, 133 AD3d 833, 834). Further, the defendant's submissions failed to address the plaintiff's claims that, as a result of the defendant's negligence, the accident exacerbated preexisting injuries, inter alia, to the plaintiff's right hip (see Weber v Kalisky, 218 AD3d 629, 630; D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650).
Accordingly, the Supreme Court should have denied the defendant's cross-motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Johnson v Dambreville, 227 AD3d 685, 685).
In light of our determination, we need not reach the parties' remaining contentions.
Under the circumstances, we remit the matter to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability (see Chavez v Foley, 220 AD3d 651, 652; Mitacchione v Ibarra-Alonso, 187 AD3d 891, 892).
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court