Aziz v Friendly Tr., Inc. (2024 NY Slip Op 04939)

Aziz v Friendly Tr., Inc.

2024 NY Slip Op 04939

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-08687
 (Index No. 514927/18)

[*1]Salma Aziz, et al., appellants, 
v
Friendly Transit, Inc., et al., respondents, et al., defendant.

William Pager, Brooklyn, NY, for appellants.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated October 31, 2021. The order granted the motion of the defendants Friendly Transit, Inc., and Abdulmajeed N. Malahie, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Friendly Transit, Inc., and Abdulmajeed N. Malahie, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiffs commenced this action against the defendants Friendly Transit, Inc., and Abdulmajeed N. Malahie, Inc. (hereinafter together the defendants), and another defendant, to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated October 31, 2021, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
The defendants demonstrated, prima facie, that neither plaintiff sustained a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). Contrary to the plaintiffs' contention, the expert reports submitted by the defendants in support of their motion, which were electronically signed, were admissible (see State Technology Law §§ 302[3], 304[2]; Ramirez v Miah, 166 AD3d 690, 691; see also Forcelli v Gelco Corp., 109 AD3d 244, 251). In opposition, however, the plaintiffs raised triable issues of fact as to whether the plaintiff Salma Aziz sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) and as to whether the plaintiff Sabrina Aziz sustained a serious injury to her right knee under those categories (see Perl v Meher, 18 NY3d 208; [*2]Chavez v Foley, 220 AD3d 651, 652). Furthermore, the defendants failed to establish, prima facie, that the alleged injuries to the lumbar region of Salma Aziz's spine and to Sabrina Aziz's right knee were not caused by the accident (see Chavez v Foley, 220 AD3d at 652; Navarro v Afifi, 138 AD3d 803, 804-805).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court