Malta v Culha (2025 NY Slip Op 04243)

Malta v Culha

2025 NY Slip Op 04243

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-09629
 (Index No. 33942/20)

[*1]Michael Malta, appellant, 
v
Maryann R. Culha, et al., respondents.

Dupee & Monroe, P.C., Goshen, NY (Jon C. Dupee, Jr., of counsel), for appellant.
Hagelin Spencer LLC, Buffalo, NY (Megan F. Organek and Allan Louis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated November 2, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and denied, as academic, the plaintiff's separate motions for summary judgment on the issue of liability and for leave to amend his bill of particulars.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied, and the matter is remitted to the Supreme Court, Rockland County, for a determination on the merits of the plaintiff's separate motions for summary judgment on the issue of liability and for leave to amend his bill of particulars.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiff opposed the motion and, in separate motions, moved for summary judgment on the issue of liability and for leave to amend his bill of particulars. In an order dated November 2, 2022, the Supreme Court granted the defendants' motion and denied, as academic, the plaintiff's motions. The plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to his right shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) and whether the alleged injuries to his right shoulder were exacerbated by the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208; Williams v Lettuere, 231 AD3d 1197, 1198).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
Under the circumstances, we remit the matter to the Supreme Court, Rockland County, for a determination on the merits of the plaintiff's separate motions for summary judgment on the issue of liability and for leave to amend his bill of particulars (see Jones-Parrish v Ranieri, 231 AD3d 795, 796; Chavez v Foley, 220 AD3d 651, 652).
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court