De Vito v Grossmann (2025 NY Slip Op 04457)

De Vito v Grossmann

2025 NY Slip Op 04457

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2023-10070
 (Index No. 604545/16)

[*1]Arcangelo De Vito, appellant, 
v
Kayla E. Grossmann, et al., respondents.

Michael A. De Vito (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellant.
Law Offices of Brian J. McGovern, LLC, New City, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), dated July 27, 2023. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated July 27, 2023, the Supreme Court, among other things, granted the motion. The plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendants established, prima facie, that he did not sustain a serious injury to the cervical region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The plaintiff, however, does correctly contend that, in opposition, he raised a triable issue of fact as to whether he sustained serious injuries to the cervical region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
The defendants failed to establish, prima facie, that the plaintiff's alleged injuries were not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804). Therefore, contrary to the Supreme Court's determination, the burden did not shift to the plaintiff to raise a triable issue of fact as to causation or to explain any gap in treatment (see Baptiste v New York City Tr. Auth., 230 AD3d 629, 630).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court